IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS ALBERT MACCHIONE,   :
          Plaintiff,   :     1:13-cv-2723
                            :
    v.   :     Hon. John E. Jones III
                            :
UNITED STATES OF AMERICA,   :
          Defendant.   :

**MEMORANDUM**

**February 24, 2016**

## I.    BACKGROUND

Plaintiff Dennis Albert Macchione ("Plaintiff"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), commenced this *Bivens*[1] action on November 6, 2013. (Doc. 1). The matter is proceeding via an amended complaint (Doc. 42) filed on December 19, 2013.[2] Plaintiff alleges that in retaliation for filing grievances and complaints in federal court, corrections officers at USP-Lewisburg have forced him to share his cell with

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal- question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] Instead of filing an Amended Complaint, Plaintiff inadvertently initiated a second action pursuant to 28 U.S.C. § 1331, Civil Action No. 13-2990. The cases were consolidated and Plaintiff's Amended Complaint was filed to this civil case number. (Docs. 8, 15, 42). Additionally, pages 3 through 8 of the Amended Complaint were stricken as improper and the remainder of the Amended Complaint was ordered to be served on the Defendant.. (*Id.*)

1

"enemy inmates." (*Id.*) He alleges that his health and safety are endangered and is seeking permanent assignment to a single cell. (*Id.* at p. 2). The United States is the sole remaining Defendant. (Doc. 50).

On August 25, 2015, the United States filed a motion (Doc. 46) to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). A supporting brief (Doc. 48) and statement of material facts (Doc. 47) were filed on September 8, 2015. Plaintiff failed to respond. On October 23, 2015, an Order (Doc. 50) issued directing Plaintiff to respond to the motion and cautioning him that, in accordance with the Local Rules of Court, his failure to respond to the statement of material facts would result in the facts being deemed admitted, and his failure to file an opposition brief would result in the motion being deemed unopposed. Plaintiff failed to respond. The statement of material facts will be deemed admitted and, for the reasons set forth below, the motion for summary judgment will be deemed unopposed and granted.

## II. STANDARD OF REVIEW

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine

issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x. 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, No 4:08-cv-0926, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.  STATEMENT OF MATERIAL FACTS

"A motion for summary judgment filed pursuant to Federal Rule of Civil Procedure FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise

statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." *See* L.R. 56.1.  The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *Id.* "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* Because Plaintiff failed to oppose Defendant's statement of material facts, all facts contained therein are deemed admitted.

Plaintiff is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") assigned to the Special Management Unit ("SMU") at USP-Lewisburg. (Doc. 11, ¶ 1).  The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (*Id.* at 2, citing 28 C.F.R. §542 *et seq.*).  An inmate must initially attempt to informally resolve the issue with institutional staff.  (Doc. 47, ¶ 3, citing 28 C.F.R. § 542.13(a)).  If informal resolution fails an inmate may submit a request to the Warden within 20 days of the date on which the basis for the request occurred.  (*Id.* at 4, citing 28 C.F.R. § 542.14).  An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director of the BOP within 20 days of the date

the Warden signed the response. (*Id.* at 5, citing 28 C.F.R. § 542.15(a)). The Regional Director has 30 calendar days to respond to the appeal. (*Id.* at 7, citing 28 C.F.R. § 542.18). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office within 30 days of the denial. (*Id.* at 6). The Central Office has 40 calendar days to respond to an appeal. (*Id.* at 9). Appeal to the Central Office is the final administrative appeal. (*Id.* at 8). Upon conclusion of the appeal, the inmate may file a civil action. (*Id* ).

An August 2015 search of BOP records revealed that Plaintiff has filed a total of fifty-six administrative remedies during his incarceration. (*Id.* at 11-12). Five of the fifty-six requests for administrative relief were filed after December 2012, the timeframe during which he claims his single-cell status was revoked. (*Id.* at 13). On August 5, 2013, eight months after the alleged events occurred, Plaintiff submitted an administrative remedy regarding a "staff complaint." (*Id.* at 14). The BOP records search further revealed that Plaintiff failed to seek administrative review of the issue that he was allegedly denied single-cell status and is being housed with enemy inmates. (*Id.* at 15). He clearly states in his Amended Complaint that he did not exhaust his available administrative remedies. (*Id.* at 16).

**IV.   DISCUSSION**

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). "[F]ailure to satisfy the procedural rules of the [BOP's] administrative process constitutes a procedural default." *Moscato*, 98 F.3d at 760–761 *(citing Francis v. Rison*, 894 F.2d 353,355 & n. 2 (9th Cir. 1990); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986)).

    The PLRA requires Plaintiff to pursue administrative relief with regard to his *Bivens* claims prior to filing suit in federal court. It is undisputed that, beyond filing a "staff complaint" eight months after the alleged events occurred, which is well outside of the 20 calendar day timeframe to submit a formal written complaint with the Warden for the alleged December 2012 actions, Plaintiff failed to exhaust his available administrative remedies with regard to the issues raised in his Amended Complaint. The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions,

8

conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). Plaintiff has wholly failed to oppose Defendant's motion. Consequently, Defendant is entitled to an entry of summary judgment due to Plaintiff's failure to exhaust administrative remedies.[3]

## V.  CONCLUSION

For the foregoing reasons, the motion (Doc. 46) for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed on behalf of the United States, the sole remaining Defendant, will be deemed unopposed and granted.

A separate order will enter.

---

[3] Plaintiff fares no better if his claims are construed as having been brought pursuant to the Federal Tort Claims Act. **Error! Main Document Only.** 28 U.S.C. § 2679(b)(1). The FTCA provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their federal employment. *See also* 28 U.S.C. §1346(b) (governing jurisdiction). Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate defendant. The BOP also has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. (Doc. 47, ¶ 17, citing 28 C.F.R. §§ 543.30-543.32). The administrative tort claim process is also outlined in the BOP Program Statement 1320.06, Federal Tort Claims Act. (*Id.* at 18). A search of this database revealed no record of an administrative tort claim filed by Plaintiff. (*Id.* at 23).